IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LACAUDRIA GRAVES | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:21-cv-139 |
| v. | § | |
| | § | |
| CAPITAL ONE SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff LaCaudria Graves ("Graves" or "Plaintiff") files this original complaint against Defendant Capital One Services, LLC ("Capital One" or "Defendant"), and would respectfully show as follows:

### I.

### PARTIES

1. Plaintiff Graves is an individual residing in Forney, Texas.

2. Defendant Capital One is a Delaware liability company with its principal place of business in Virginia. Capital One may be served through its registered agent, Corporation Service Company dba CSC - Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### II.

### JURISDICTION AND VENUE

3. Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law. Subject matter jurisdiction is also proper in this Court under 28 U.S.C. § 1332 because complete diversity exists among the parties, and the value of the relief sought exceeds $75,000 in controversy.

4. Plaintiff Graves is an individual who is a citizen of the State of Texas.

5. Defendant Capital One is a Delaware limited liability company whose members are all believed to be citizens of the State of Virginia. Accordingly, Capital One is deemed to be a citizen of Virginia. *Burdett v. Remington Arms Co., L.L.C.*, 854 F.3d 733, 734 n.1 (5th Cir. 2017); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding the citizenship of an LLC is determined by the citizenship of its members) Thus, complete diversity between the parties exists.

6. Jurisdiction is proper over Defendant in this judicial district, and venue is proper under 28 U.S.C. §§ 1391(b) and (c).

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Graves timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the adverse action asserted in this Complaint. Graves received a Notice of Right to Sue from the EEOC on November 18, 2020. This suit was filed within 90 days of Graves's receipt of the Notice of Right to Sue. As such, all conditions precedent to the institution of this lawsuit have been fulfilled.

## V.

## FACTUAL BACKGROUND

8. Graves is an African American woman. Capital One is a global financial services provider. Graves was hired by Capital One in May 2011 as Principal Security Investigator/Consultant. Graves has a bachelor's degree in Criminal Justice, a master's degree in Applied Criminology, is a Certified Protection Professional (CPP) and a Certified Fraud Examiner (CFE) and was therefore highly qualified for this role.

9. Graves worked for Capital One continuously under an employment contract from the time of her hire until she was terminated effective June 17, 2019. At the time of her termination, Graves's position was Regional Security Consultant (Principal Associate).

10. Although her title with Capital One was not "manager," Graves had significant management authority and responsibilities in her position with Capital One, including but not limited to:

- Directing and implementing security operations and internal investigations for 40 corporate sites in California, Louisiana, Nevada and Texas and 419 regional banks in Louisiana and Texas.

- Developing security plans and managing event security for high-profile speakers and guests.

- Managing and supervising 40+ contract security professionals who were responsible for physical security investigations and overall safety and security with a primary focus on access control.

- Developing and managing procedures for security alert bulletins, robbery response, life safety equipment reviews and testing, enterprise event security support and new hire ethics and physical security training.

- Managing security for globally recognized events including Austin, Texas South by Southwest (SXSW) event and Dallas, Texas IHeartRadio Music Festival.

- Managing regional security operations job aids and SOPs (Standard Operating Procedures) for technical security equipment, communications response, event security, and security alert bulletins.

- Establishing a process and compliance procedure to maintain a system of records to support case management and the integrity of data and evidence throughout an investigation.

- Developing a process that streamlined security support and staffing for corporate events.

- Increasing safety and security by implementing facility security reviews for her area of responsibility and confirmed all existing and emerging facilities met or exceeded security standards according to baseline, enhanced, and strong risk rating calculations aligned with the company security operations and federal requirements.

- Leading security projects designed to analyze the ROI (return on investment) for retail bank and ATM security equipment related to preventing, minimizing and recovering losses due to robberies.

- Developing procedures to promote campus safety by standardizing an escalation process for campus parking.

- Developing Security Guard procedures designed to increase incident response times to the scene of allegations involving workplace violence and to streamline the case management system and maintain chain of evidence custody after each incident.

- Leading highly technical security projects including the installation of security features and equipment in new and refreshed retail and campus spaces.

- Leading and managing projects designed to promote a safer campus by installing and maintaining code blue emergency call boxes, public address (PA) systems, outbound emergency dialing, and access control devices and surveillance systems.

- Leading a security project designed to enhance campus safety by increasing response time to release associates from elevator entrapments and monitor the maintenance.

- Managing Life Safety Team members and directed both life safety drills and emergencies for multiple campuses.

- Developing life safety evacuation and shelter in place procedures for multiple campuses.

11. Over the last few years, Graves applied for multiple job promotions with Capital One in "management" roles so as to move up to a position with greater prestige and higher salary. Graves had routinely received above-average reviews from her supervisors throughout her employment with Capital One.

12. However, despite her success, Capital One would not place Graves in a role with a "management" title. Instead, each time such a role opened up and Graves applied for it, Capital One declined to give her the job and instead gave the job to a white male. This occurred more than ten times since mid-2017.

13. To add insult to injury, on several occasions, once Capital One hired a white male to fill a "management" role for which Graves had applied, she was tasked with training the individual who would be taking the "management" role that she did not get.

14. In or around January 2019, Capital One posted an opening for two Regional Security Operations Manager positions with Capital One. Graves applied for one of the positions, which would have been a promotion from her current Regional Security Consultant (Principal Associate) role.

15. In or around April 2019, Graves was notified she did not receive the aforementioned Regional Security Operations Manager position. Capital One told Graves that she was not promoted to the position because she did not have previous "management" experience. However, once more, Graves already exercised multiple "management" functions for Capital One, despite her title.

16. At around the same time, in or around mid-April 2019, Graves was notified by Capital One that not only would she not be promoted to the Regional Security Operations Manager position, her Regional Security Consultant (Principal Associate) position was being eliminated by Capital One and she would be terminated effective June 17, 2019.

17. Shortly thereafter, Capital One hired two white males to the Regional Security Operations Manager position that Graves had been denied, both of whom were either equally or less qualified for the role than Graves.

18. During the final two months of employment prior to her ultimate termination in June 2019, Graves learned that the Regional Security Consultant (Principal Associate) position she held was not being eliminated at all. To be sure, another white male who held the exact same Regional Security Consultant (Principal Associate) position as Graves was not terminated as she

was. Rather, Capital One kept him on as an employee and merely changed the title of his position, while he retained the same job duties and responsibilities.

19. Finally, to add further insult to injury, the two white males who had been hired to the Regional Security Operations Manager position that Graves had been denied thereafter became responsible for the exact same job duties and responsibilities that Graves previously had in her "eliminated" position, with the added benefit of a "manager" title that had been forever denied to Graves.

20. As a result, it is clear that Capital One engaged in discriminatory conduct against Graves, an African American woman, based on her race and sex.

## IV.

## CAUSES OF ACTION

### COUNT ONE – VIOLATION OF 42 U.S.C. § 1981

21. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs.

22. Graves is African American and is thus a member of a protected group. Graves had an employment contract with Capital One.

23. As described above, over the course of the last few years, Graves applied for more than ten job promotions with Capital One, all of which she was well qualified for. Each time, Graves was passed over by Capital One, and it ultimately hired white individuals for each such job in place of Graves.

24. Further, as described above, Graves was ultimately terminated by Capital One, and her role was replaced by two white individuals, albeit with a different title.

25. Capital One's actions and disparate treatment of Graves as described above constitutes unlawful discrimination based on race in the making and enforcing of contacts in

violation of 42 U.S.C. § 1981. Further, by terminating Graves's employment contract with Capital One in favor of non-minority individuals because of race, Capital One's actions violated 42 U.S.C. § 1981.

26. As a result of Capital One's actions, Graves has suffered damages in an amount in excess of the jurisdictional limits of the Court.

**COUNT TWO – VIOLATION OF TITLE VII (42 U.S.C. § 2000e-2)**

27. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs.

28. Graves is an African American woman and is thus a member of one or more protected groups within the meaning of Title VII of the Civil Rights Act of 1964.

29. Capital One is an employer within the meaning of Title VII because it employs more than 15 employees.

30. During the course of Graves's employment, Capital One, acting through its employees, agents, and representatives, discriminated against Graves in the terms, conditions, and privileges of her employment due to her race and sex.

31. As described above, Graves applied for and was qualified for positions for which applicants were being sought, she was rejected, and other applicants not belonging to the protected class were hired – namely white men – in direct violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2.

32. As described above, Capital One discriminated against Graves by treating her less favorably than her white, male counterparts by discriminating against her and terminating her employment based on her race and sex and not terminating a white man in the same role in direct violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2.

33. As described above, Capital One discriminated against Graves by treating her less favorably than her white, male counterparts and discriminating against her and terminating her employment based on her race and sex and replacing her with two white men in direct violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2.

34. Capital One's actions were intentional or done with malice or reckless disregard to Graves's statutory-protected rights.

35. As a result of Capital One's actions, Graves has suffered damages in an amount in excess of the jurisdictional limits of the Court.

## V.

## DAMAGES

36. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs.

37. Graves is entitled to recover all damages that were proximately caused by Capital One's actions, including but not limited to, lost wages and benefits in the past, lost wages and benefits in the future, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses

38. Further, Because Capital One's actions were done with malice or reckless indifference, Graves is entitled to recover punitive or exemplary damages.

## VI.

## INJUNCTIVE AND DECLARATORY RELIEF

39. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs.

40. Graves requests that the Court enter an Order providing injunctive and declaratory relief including, but not limited to:

    a.    Prohibiting Capital One from engaging in unlawful discrimination based on sex and race;

    b.    A declaration that Capital One violated Graves's rights under federal law;

    c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.    Any additional equitable relief as the Court deems proper.

## VII.

## ATTORNEYS' FEES

41.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs.

42.    Graves is entitled to her attorney's fees from Capital One under 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k). In addition or in the alternative, Graves seeks recovery of her attorney's fees under any other applicable provision at law or equity.

## VIII.

## CONDITIONS PRECEDENT

43.    All conditions precedent to Plaintiff's recovery have occurred or been met.

## IX.

## JURY DEMAND

44.    Plaintiff requests a trial by jury of all claims.

## X.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LaCaudria Graves prays that she has judgment against Defendant Capital One Services, LLC for the following:

    (1)    Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

    (2)    Judgment for back pay and front pay as allowed by law;

(3) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses;

(4) Damages for past and future mental anguish, emotional distress and physical distress;

(5) Exemplary damages;

(6) Injunctive and declaratory relief as requested herein;

(7) Prejudgment and Post-judgment at the maximum legal rate;

(8) All costs of court;

(9) All reasonable attorneys' fees; and

(10) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Eric C. Wood*
Eric C. Wood
State Bar No. 24037737
eric@brownfoxlaw.com
BROWN FOX PLLC
5550 Granite Pkwy., Suite 175
Plano, Texas 75024
Phone: (214) 327-5000
Fax: (214) 327-5001

ATTORNEYS FOR PLAINTIFF
LACAUDRIA GRAVES